1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    SHELTON BENOITE ,                      No.  1:25-cv-00959-SAB (PC)

12              Plaintiff,                    ORDER DIRECTING CLERK OF COURT TO
                                              RANDOMLY ASSIGN A DISTRICT JUDGE
13         v.                                 TO THIS ACTION

14    J. DOERER, et al.,                      FINDINGS AND RECOMMENDATION
                                              RECOMMENDING DISMISSAL OF ACTION
15              Defendants.
                                              (ECF No. 7)
16

17         Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to <u>Bivens</u>

18    <u>v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

19                                      **I.**

20                                **BACKGROUND**

21         Plaintiff filed the instant complaint in this action on August 4, 2025.  (ECF No. 1.)

22         On September 8, 2025, the Court screened the complaint, found that Plaintiff failed to state

23    a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.

24    (ECF No. 6.)

25         Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening

26    order.  Therefore, on October 20, 2025, the ordered Plaintiff to show cause why the action should

27    not be dismissed.  (ECF No. 7.)  Plaintiff has not filed a response and the time to do so has

28

                                           1

1 passed.  Accordingly, the operative complaint is Plaintiff's initial complaint, which fails to state a

2 cognizable claim for relief and dismissal is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

2

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

The events at issue in the complaint took place at the United States Penitentiary in Atwater.  Plaintiff brings claims for denial of access to the court, retaliation, and deliberate indifference to a serious medical need.  (ECF No. 1 at 2-3.)

Prison officials deprived Plaintiff of his right to access the court when all of his property was placed in a duffel bag after the shake down or search.  The bag was less than half full (all family pictures were gone) and all of Plaintiff's legal material was confiscated without being given a confiscation slip.  Plaintiff has an open case in the Court of Appeals and a compassionate release motion pending in another case.  In addition, the delayed caused Plaintiff from filing a timely course to exhaust the administrative remedies in a case pending in this Court.

Atwater officials threatened retaliation when Plaintiff filed grievances and because they believed an officer died from mail laced with fentanyl.  Officials later threatened to take all of Plaintiff's newly acquired property if he did not sign a blank confiscation form and did not take back his tort claims, so Plaintiff signed both forms.  Plaintiff was subsequently falsely charged with possession of a non-hazardous tool found during a retaliatory cell search.  During the disciplinary hearing Plaintiff was denied due process and found guilty resulting in the loss of good time credits, among other things.

For several weeks Plaintiff requested medical attention but was denied.  Plaintiff complained of stomach and groin pain but due to prison officials' retaliation they were not providing sick-call and told Plaintiff that he had to wait until the prison was off lockdown.  On September 26, 2024, Plaintiff had dark blood in his boxers, but he was not in any pain.  Plaintiff was never treated, provided testing, or examined by a doctor.

///

///

///

3

1

### III.

2

### DISCUSSION

3    **A.    Bivens**

4          Not all constitutional cases against federal officers for damages may proceed as <u>Bivens</u>

5    claims. There is a two-part test to determine whether a <u>Bivens</u> action may proceed. <u>Ziglar v.</u>

6    <u>Abbasi</u>, 582 U.S. 138-139 (2017).  To determine whether a <u>Bivens</u> claim is cognizable, a court

7    first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]'

8    different from the three cases in which the Court has implied a damages action." <u>Egbert v. Boule</u>,

9    596 U.S. 482, 492 (2022) (quoting <u>Ziglar v. Abbasi</u>, 582 U.S. at 139).  That is, the Court must

10   determine whether the claim presents a new context from the three cases the Supreme Court has

11   allowed to proceed under <u>Bivens</u>: <u>Bivens v. Six Unknown Federal Narcotic Agents</u>, 403 U.S. 388

12   (1971); <u>Davis v. Passman</u>, 442 U.S. 228 (1979); and <u>Carlson v. Green</u>, 446 U.S. 14 (1980). If the

13   answer is no, the claim may proceed. If the answer is yes, the court must apply a "special factors"

14   analysis to determine whether "special factors counsel hesitation" in expanding <u>Bivens</u> to the

15   action. <u>Ziglar</u>, 582 U.S. at 136.0

16          In <u>Egbert</u>, the Supreme Court explained that the essential determination is "whether there

17   is any reason to think that Congress might be better equipped to create a damages remedy."  596

18   U.S. at 492.  If any rational reason exists to defer to Congress to establish a remedy, courts "may

19   not recognize a <u>Bivens</u> remedy."  <u>Id.</u>   Further, the existence of alternative remedial structures

20   within the BOP can be a "special factor" to hesitate in finding an available <u>Bivens</u> remedy.

21          1.    <u>Retaliation and Denial of Access to Courts</u>

22          Turning to Plaintiff's claims, the Supreme Court has never recognized a <u>Bivens</u> remedy

23   under the First Amendment and the Ninth Circuit has also refused to extend a <u>Bivens</u> remedy to a

24   claim under the First Amendment. <u>Reichle v. Howards</u>, 566 U.S. 658, 663 n.4 (2012) (citing

25   <u>Iqbal</u>, 556 U.S. at 675; <u>Bush v. Lucas</u>, 462 U.S. 367, 368 (1983)); <u>Lee v. Matevousian</u>, 2018 WL

26   5603593, at *3-4 (E.D. Cal. Oct. 26, 2018) (declining to infer Bivens remedy for First

27   Amendment retaliation and denial of access to courts claims).  Since <u>Ziglar v. Abbasi</u>, the Ninth

28   Circuit has declined to extend the <u>Bivens</u> remedy to claims brought under the First Amendment.

See Schwarz v. Meinberg, 761 F. App'x 732, 734-35 (9th Cir. 2019) (finding denial of access to courts claim was a "new Bivens context" and declining to extend private right of action).  Further, special factors counsel against extending Bivens to this claim because alternative remedial structures exist, such as the BOP's administrative remedy program and/or the Federal Tort Claims Act.  See Ziglar, 582 U.S. at 137; Camillo-Amisano v. Fed. Bureau of Prisons, 2023 WL 2658742, at *1 (9th Cir. Mar. 28, 2023) (BOP's administrative remedy program provided plaintiff access to an alternative remedial structure for his claims).  Accordingly, the retaliation and access to the court claims are subject to dismissal.

### 2. Medical Treatment

The Ninth Circuit has recently determined that a denial of medical treatment can proceed under Bivens, in specific circumstances, if the individual prison staff acted with deliberate indifference to a serious medical need.  Watanabe v. Derr, 115 F.4th 1034, 1043 (9th Cir. 2024).

The test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations omitted.)  Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted).  However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012)

1    (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that

2    the course of treatment the doctors chose was medically unacceptable under the circumstances

3    and that the defendants chose this course in conscious disregard of an excessive risk to [his]

4    health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks

5    omitted).)  In addition, "[m]edical malpractice does not become a constitutional violation merely

6    because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in

7    part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

8        Here, even assuming Plaintiff has demonstrated an objectively serious medical need,

9    Plaintiff has failed to demonstrate that any individual was deliberately indifference to such needs.

10    Indeed, Plaintiff's allegations are conclusory as he simply complains of stomach and groin pain

11    and three drops of blood in his boxers.  As an initial matter, Plaintiff does not link or allege who

12    was responsible for the denial of medical care.  See Farmer v. Brennan, 511 U.S. 832, 837 (1994)

13    (prison official is deliberately indifferent only if he knows of and disregards an excessive risk to

14    inmate health or safety by failing to take reasonable steps to abate it.).  Further, as Plaintiff

15    acknowledges he submitted a sick-call submit and was examined by a medical professional on

16    September 26, 2024.  (ECF No. 1 at 5.)  It was noted Plaintiff complained that on September 25,

17    2024, he woke up with blood in his boxers.  As Plaintiff acknowledges, he denied any pain or any

18    blood in his urine.  (Id.)  It was further noted that a urine analysis was ordered and further

19    testing/treatment would be determined based the testing results.  (Id.)  Thus, it is clear that

20    Plaintiff was medically evaluated and provided appropriate testing and treatment.  There are

21    simply no facts to demonstrate that any medical professional was deliberately indifferent to a

22    serious medical need.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

## V.

## ORDER AND RECOMMENDATION

25        Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly

26    assign a District Judge to this action.

27        Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure

28    to state a cognizable claim for relief.

6

1         This Findings and Recommendation will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

3    **days** after being served with this Findings and Recommendation, Plaintiff may file written

4    objections with the Court, limited to 15 pages in length, including exhibits.  The document should

5    be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

6    advised that failure to file objections within the specified time may result in the waiver of rights

7    on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

8    Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10

11   IT IS SO ORDERED.

12   Dated:   **November 13, 2025**

13   STANLEY A. BOONE
     United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7